UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

**KELLY BROWN FRASER,**                          Case No. 12-36034-KRH

    Debtor.                                            Chapter No. 13

**REGIONAL ACCEPTANCE CORPORATION, INC.**

    Plaintiff,

v.

**KELLY BROWN FRASER**
**and ROBERT E. HYMAN, Trustee,**

    Defendants.

## CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the Court on March 13, 2013, on the Motion of Regional Acceptance Corporation, Inc. ("Plaintiff"), for relief from the automatic stay with respect to certain personal property, to-wit: 2008 Toyota Camry, VIN: 4T1BE46K98U772328 ("Vehicle").

Upon consideration of which, it is:

1.     The debtor will resume making regular monthly installment payments in the amount of $413.91 as they become due commencing on March 20, 2013.

2.     The debtor will cure the post-petition arrearage currently due to the movant through February 28, 2013 in the total amount of $2,480.60, which includes late charges, deferred late charges, filing fees and attorney's fees, by making the following payments:

        a.     $413.44 on or before March 20, 2013.
        b.     $413.44 on or before April 20, 2013.
        c.     $413.44 on or before May 20, 2013.
        d.     $413.44 on or before June 20, 2013.

**Deborah S. Kirkpatrick, Esq.**
VSB #32987
Post Office Box 10275
Virginia Beach, VA 23450-0275
Ph: (757) 233-0281; Fax: (757) 233-0277
**Counsel for Regional Acceptance Corporation, Inc.**

    e.  $413.44 on or before July 20, 2013.

    f.  $413.44 on or before August 20, 2013.

  3.  In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to the debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor.  The notice of default will state in simple and plain language:

    a.  That the debtor is in default in making at least one payment required under this order;

    b.  The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;

    c.  The action necessary to cure the default, including any address to which payments must be mailed;

    d.  That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

      i.  cure the default;

      ii.  file an objection with the court stating that no default exists; or

      iii.  file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    e.  That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that is has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

    f.  That if the automatic stay is terminated, the collateral may be sold at foreclosure.

  If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph

3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment or any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normal sent to customers in the ordinary course of business.

7. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorneys fees in the amount of $150.00 for issuance of a notice of default, and an additional $150.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

Richmond, Virginia

March __, 2013

_____

                                    _____
                                    Kevin R. Huennekens, Judge
                                    United States Bankruptcy Court
                                    Eastern District of Virginia

ENDORSEMENTS of


/s/ Deborah S. Kirkpatrick_____
Deborah S. Kirkpatrick, Esq.
Counsel for Regional Acceptance Corporation, Inc.


/s/ Jessica L. Fellows_____
Jessica L. Fellows, Counsel for Debtor


/s/ Robert E. Hyman_____
Robert E. Hyman, Trustee


Copy to:

Deborah S. Kirkpatrick, Esq.
P.O. Box 10275
Virginia Beach, VA 23450-0275

Jessica L. Fellows, Esq.
Via CM/ECF
7825 Midlothian Turnpike, Suite 104
Richmond, VA 23235

Robert E. Hyman, Trustee
Via CM/ECF
P.O. Box 1780
Richmond, VA 23218-1780

Kelly B. Fraser
Via First Class Mail
204 Fulham Cir.
Richmond, VA 23227

## CERTIFICATION

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modifications, additions, or deletions have been made and the undersigned hereby certifies that the foregoing order has been served on all necessary parties pursuant to Bankruptcy Rule 9022 who are as follows:  Kelly B. Fraser, 204 Fulham Cir., Richmond, VA 23227; Jessica L. Fellows, Esq., 7825 Midlothian Turnpike, Suite 104, Richmond, VA 23235; and Robert E. Hyman, Trustee, P.O. Box 1780, Richmond, VA 23218-1780.

/s/ Deborah S. Kirkpatrick
Counsel for Movant